■ THE CADLE COMPANY, as Assignee of CHEMICAL BANK, Appellant, v DANNY NUNEZ, Respondent. [841 NYS2d 291]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 17, 2007, which granted defendant's cross motion to vacate a 1994 judgment, unanimously reversed, on the law and the facts, with costs, and the judgment reinstated.

In 1989, defendant Danny Nunez executed a promissory note in favor of plaintiff's predecessor-in-interest, Chemical Bank. On his loan application, defendant identified his residence as 463 40th Street in Brooklyn, and he stated that he had been living at that address for 20 years. Nunez defaulted and in 1994, Chemical Bank commenced an action to collect on the note. A summons and complaint were allegedly served on Nunez by personal delivery to Lidia Acosta, defendant's aunt, at the address listed on the note. Plaintiff contends that the summons and complaint was also mailed to that address.

In 1992 defendant was arrested on an unrelated matter. The Department of Correctional Services' inmate information form lists his name as Daniel Acosta, not Daniel Nunez. Apparently, defendant remained in jail from 1992 to 2005. Plaintiff was not notified of defendant's incarceration.

When defendant failed to respond to service of the summons and complaint in this action, Chemical Bank moved for a deficiency judgment on default, which was granted on December 8, 1994 in the amount of $47,543.64. In 1997, this unsatisfied judgment was assigned to The Cadle Company. It was filed with the Clerk of Kings County on June 24, 1999, and became a lien upon any real property owned by defendant in Kings County. A renewal of the judgment was entered on August 31, 2005.

In May 2006, plaintiff moved for an order authorizing the Sheriff of Kings County to mail all required papers in aid of execution of the 1994 judgment to defendant's last known address at 463 40th Street in Brooklyn, and to his counsel. Plaintiff also sought to amend the caption in this action to substitute The Cadle Company for Chemical Bank.

In June 2006, defendant cross-moved to dismiss the action and vacate the 1994 judgment, claiming no personal jurisdiction. He also moved to vacate any notice of levy filed by plaintiff against his properties. In support of his motion, defendant asserted that plaintiff never properly served him, nor did it comply with the statute by serving the summons and complaint to "a person of suitable age and discretion," at the defendant's residence (CPLR 308). In the alternative, defendant sought to vacate his default pursuant to CPLR 317 and 5015 and to defend the action on the merits. In opposition to the cross motion, plaintiff argued that defendant had been aware of the 12-year-old default judgment against him for over a year, and that his belated attempt to vacate his default should be denied.

The court held a traverse hearing on November 3 and 16, 2006. Plaintiff produced one witness, the process server. This individual testified that he did not specifically remember the

events of March 21, 1994. However, in his affidavit of service, he swore that on that date, he served a female relative of the defendant, listed as "Lydia Scosta," at 463 40th Street in Brooklyn. As relevant, the affidavit of service states that the woman's hair color was brown.

The defense produced four witnesses, defendant's aunt, his wife, his brother and his business partner. Defendant's aunt, Lidia Acosta, testified that she lived at 463 40th Street in 1994, but she denied ever being given legal papers for her nephew Danny Nunez. Ms. Acosta also testified that her hair color was blonde, and that it had always been this color. However, on cross-examination plaintiff's counsel introduced Ms. Acosta's passport, which indicates that her hair color is brown.

Defendant's wife testified that she lived with Mr. Nunez in a rented apartment at 2249 East 21st Street in Brooklyn, for a substantial period of time prior to his arrest in 1992. Defendant's brother also testified that Nunez was living on 21st Street prior to his arrest. Finally, defendant's business partner testified that defendant lived with his aunt, Lidia Acosta, on 40th Street until approximately 1989, at which point Nunez moved to 33rd Street in Brooklyn.

At the conclusion of the traverse hearing, the IAS court vacated the 1994 judgment for lack of personal jurisdiction. The decision states: "[T]he evidence was clear that defendant had not resided at the location where process was purportedly served . . . for several years prior to the service in March 1994. Defendant had a dwelling place and usual place of his abode at other locations in Brooklyn in the years prior to his arrest in 1992. From 1992 to 2005, plaintiff was incarcerated in a State prison and upon his release in 2005 was immediately deported to the Dominican Republic. . . . Further, the court finds that service was not in fact made upon defendant's aunt as the description of the person served did not correspond to that of the aunt who testified at the hearing." We reverse.

We find the record clear that service of a copy of the summons and complaint "to a person of suitable age and discretion" was in conformity with the statutory requirements, and that after such service plaintiff mailed the summons and complaint to defendant at his last known address, in satisfaction of the jurisdictional requirements of CPLR 308 (2) (*Albilia v Hillcrest Gen. Hosp.*, 124 AD2d 499 [1986]).

While deference is usually accorded to the findings of the hearing court regarding issues of credibility, departure from this practice is warranted on the record before us (*see Lefton v Freedman*, 163 AD2d 360, 361 [1990], *appeal dismissed* 76 NY2d 936

[1990]). Plaintiff produced one witness at the traverse hearing, the process server. This individual testified that according to his copy of the affidavit of service, he personally served the summons and complaint on a female relative of defendant at 463 40th Street, the address given to plaintiff in connection with the loan.

Defendant produced four witnesses, all of whom were interested parties. Further, their testimony was rife with contradictions and inconsistencies. For example, defendant's aunt, the relative named on the affidavit of service testified that she could not have been the brown haired woman described in the affidavit of service because her hair color is blonde. However, upon production of her passport, Acosta admitted that her hair is and was brown.

Defendants' other witnesses, his wife, his brother, and his business partner, gave testimony which was tailored to show that defendant did not have notice of this action, and we find that testimony incredible as a matter of law. The 40th Street address was listed on Nunez's loan applications, and it is the address to which all correspondence from plaintiff to defendant prior to this action were sent. It also bears noting that plaintiff was never notified that defendant's address had changed, or that defendant was in prison under a different name at the time the action was commenced.

We have considered the parties' additional contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Williams and Gonzalez, JJ.