Judgment, Supreme Court, Bronx County (Nelson S. Roman, J.), entered November 14, 2007, dismissing the complaint for lack of personal jurisdiction, unanimously reversed, on the law and the facts, without costs, and the complaint reinstated. Appeal from order, same court and Justice, entered on or about October 25, 2007, which, to the extent appealable, denied plaintiff’s motion to renew his prior motion for default, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The traverse hearing was warranted where the parties’ conflicting affidavits disputed whether service had properly been effected (see Anello v Barry, 149 AD2d 640, 641 [1989]). Plaintiff submitted an affidavit stating that substituted service had been made on defendant’s mother at the address confirmed as defendant’s through records at the Department of Motor Vehicles. Defendant denied that he lived at that address, even though it was listed as such on his driver’s license, and he submitted an affidavit from his mother denying that she received process on his behalf. Nevertheless, plaintiff did demonstrate, by a preponderance of the evidence, that proper service was made (see Cadle Co. v Nunez, 43 AD3d 653 [2007]). The process server testified at the hearing that he personally served defendant’s mother with the summons and complaint at *262 the officially listed address, and then mailed a copy to the same address. Defendant’s statements that he did not live at that address, and that neither he nor his mother was ever served with papers, were not corroborated by any evidence. His mother’s affidavit acknowledged that she spoke to the process server but denied that she accepted process on defendant’s behalf; however, defendant failed to call his mother to testify at the hearing. In light of defendant’s vague and uncorroborated statements about his address at the time of service, the process server’s failure to produce his logbook at the hearing, which was assertedly destroyed in a car accident, did not warrant a rejection of the latter’s testimony. Plaintiffs motion for a default judgment was properly denied in light of defendant’s affidavit raising a potentially meritorious defense (see e.g. Spira v New York City Tr. Auth., 49 AD3d 478 [2008]). Concur—Andrias, J.P, Saxe, Gonzalez, Catterson and Acosta, JJ.