*442 The hearing court’s determination turned largely on credibility, the resolution of which is entitled to deference on appeal (see Matter of Brown v Rosario, 272 AD2d 205 [1st Dept 2000]; Cadle Co. v Nunez, 43 AD3d 653, 655 [1st Dept 2007]), and we find no reason to disturb the court’s determination here. At the traverse hearing, the process server testified that a man named Elliason, who was present at the two-family home owned by defendant, said that he was a cotenant with defendant, and accepted service. While defendant denied any knowledge of Elliason, and claimed that the two residences at this address were leased to two other people, his assertion merely created an issue of credibility. While it was in defendant’s power to produce the leases to these other people, he did not do so. That defendant produced documentation indicating that he had another address, did not conclusively establish that he did not reside at the two-family home where Elliason accepted service under CPLR 308 (2). Concur — Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ