Siri Med. Assoc., PLLC v Paradise Ct. Mgt. Corp. (2018 NY Slip Op 01127)





Siri Med. Assoc., PLLC v Paradise Ct. Mgt. Corp.


2018 NY Slip Op 01127


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5717 5716

[*1]Siri Medical Associates, PLLC also known as Catskill Physical Medicine and Pain Management PLLC, Plaintiff-Respondent,
v
Paradise Court Management Corporation, Defendant-Appellant, Sentinel Insurance Company, Limited/The Hartford, Defendant.


Kelly & Curtis, PLLC, New York (Elio M. DiBerardino of counsel), for appellant.
Joseph A. Maria, P.C., White Plains (Frances Dapice Marinelli of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered August 10, 2016, which, insofar as appealed from as limited by the briefs, denied the branch of defendant Paradise's motion seeking to dismiss the complaint for lack of legal capacity to sue, and order, same court and Justice, entered May 16, 2017, which, after a traverse hearing, denied the branch of Paradise's motion seeking to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.
Plaintiff satisfied its burden of establishing, by a preponderance of the evidence, that service of process was effected on Paradise and that personal jurisdiction was thereby obtained (see CPLR 311[a][1]; Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271-273 [1980]; Elm Mgt. Corp. v Sprung, 33 AD3d 753, 754-755 [2d Dept 2006]; see also CPLR 3211[a][8]). There exists no basis to disturb the hearing court's determination, which turned largely on the credibility of the witnesses and was substantiated by the record, including the affidavit of service (see Arrufat v Bhikhi, 101 AD3d 441, 442 [1st Dept 2012]).
Nor did Paradise demonstrate that plaintiff lacks capacity to bring this suit. Plaintiff, as the corporate tenant claiming to have sustained property damage, had the "power to appear and bring its grievance before the court" (Security Pac. Natl. Bank v Evans, 31 AD3d 278, 279 [1st Dept 2006], appeal dismissed 8 NY3d 837 [2007]; see CPLR 3211[a][3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK