Matter of E.R. v S.C. (2023 NY Slip Op 06330)

Matter of E.R. v S.C.

2023 NY Slip Op 06330

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Docket No. V-06436/20 Appeal No. 1192 Case No. 2023-01503 

[*1]In the Matter of E.R., Petitioner-Appellant,
v
S.C. et al., Respondents-Respondents.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Jay A. Maller, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.

Order, Family Court, Bronx County (Tamara Schwarzman, Ref.), entered on or about March 13, 2023, which, after a traverse hearing, granted respondent S.C.'s motion to vacate a final custody order, same court and Referee, dated May 17, 2021, entered upon her default after an inquest and awarded petitioner sole legal and physical custody of the subject child, unanimously affirmed, without costs.
Family Court properly granted respondent mother's motion to vacate the default custody order pursuant to CPLR 5015(a)(4). There is no basis for disturbing the court's findings of fact that service was not effectuated upon respondent. The court's determination turned, in large part, on witness credibility, the resolution of which is entitled to deference on appeal (see Arrufat v Bhikhi, 101 AD3d 441, 442 [1st Dept 2012]). Therefore, respondent was not subject to the court's jurisdiction, and it was irrelevant that petitioner, the child's paternal grandmother, may have informed respondent of the custody proceeding (see Raschel v Rish, 69 NY2d 694, 697 [1986]; Goldmark v Keystone & Grading Corp., 226 AD2d 143, 144 [1st Dept 1996]).
The court permitted petitioner to serve respondent by text message; however, petitioner's process server, the child's paternal grandfather, could not produce the text he purportedly sent to respondent with the summons and petition annexed, and he testified during the traverse hearing that his recollection of serving her was "kind of fuzzy". The court's conclusion that petitioner failed to carry her burden of proving that service was properly effectuated, is supported by the record (see Wells Fargo Bank, N.A. v Gore, 162 AD3d 437 [1st Dept 2018]; Woods v M.B.D. Community Hous. Corp., 90 AD3d 430, 430 [1st Dept 2011]).
To the extent petitioner seeks appellate review of whether respondent presented sufficient evidence to warrant a traverse hearing, the issue is academic because the hearing was held (see Wells Fargo Bank, N.A. v Gore, 162 AD3d at 437). In any event, petitioner waived any objection to Family Court's finding that a traverse hearing was necessary because, in opposing the vacatur motion, petitioner suggested a traverse hearing as an alternative to vacating the default order of custody outright, and the
record establishes that petitioner and her counsel willingly participated in the hearing (see Winopa Intl., Ltd. v Woori Am. Bank, 59 AD3d 203, 204 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023