OPINION OF THE COURT
Bruce M. Balter, J.
Pursuant to CPLR 5015 (a) (3), defendant moves by order to show cause to vacate the judgment entered by the plaintiff on the ground that the judgment was allegedly procured by fraud and misrepresentation on the part of the plaintiffs attorney. Plaintiff moves by cross motion for sanctions pursuant to 22 NYCRR 130-1.1 et seq. against the defendant and defendant’s attorney for their alleged frivolous conduct in bringing this application.
FACTS APPLICABLE TO THIS MOTION
Plaintiffs underlying claim is for personal injuries allegedly sustained as a result of an accident caused by defendant’s negligent operation of an automobile.
On May 12, 1998, this matter appeared on the trial calendar before Judge Karen Yellen. The parties agree that a pretrial conference was held and that the case was “settled” for a monetary sum of $55,000. Thereafter plaintiff forwarded a release to the defendant which contained language reserving the plaintiffs right to future no-fault benefits. On June 22, 1998, defendant sent plaintiff a letter stating that the release was unacceptable. Plaintiffs attorney argues that the reservation of no-fault rights for his clients upon settlement is customary and he would be criticized if he did otherwise.
More than 21 days after tendering the stipulation and release to the defendant, plaintiff attempted to enter a judgment in the amount of the settlement by presenting an 8-inch by 5-inch index card to the judgment clerk with a notation that the case had been settled for $55,000. In the Civil Court, Kings County, these index cards are the main form of communication between the clerk of the court and the Judges. The judgment clerk rejected the index card as evidence of the settlement, and requested that the plaintiff obtain either a written stipulation or an order before a judgment could be entered.
On June 24, 1998, the plaintiff submitted a proposed order with notice of settlement to Judge Yellen for signature. The or *380 der stated that the action was settled for $55,000. On July 1, 1998, Judge Yellen signed the order without changes, the judgment was entered, and notice of entry was sent to the defendant’s attorney.
Defendant’s attorney argues that the proposed order was defective because the type used for the notice of settlement was too small to be noticed, and the order did not fully represent to Judge Yellen the settlement reached between the parties.
DISCUSSION
The defendant’s underlying order to show cause and plaintiffs cross motion manifest that the parties fundamentally misunderstand the practices and procedures of the Civil Court, Kings County, and the law governing stipulations.
Civil Court, Kings County, Practices and Procedures
The unique environment of the Civil Court, Kings County, is enough to mesmerize any attorney. After a Supreme Court Justice transfers a case to this court pursuant to CPLR 325 (d), it does not take long for the parties to realize that the Civil Court operates by a different set of rules.
Here clerks are absent from the trial parts. All the clerical resources, like those of the rest of the court, are focused on the Housing Court. Other aspects of the Civil Court’s jurisdiction are treated as an afterthought.
The trial calendar clerk communicates with Trial Judges by using 8-inch by 5-inch index cards containing pertinent information regarding cases, such as captions, index numbers, and dates when a case was called on the trial calendar. The use of these cards is not described in any statute, rule, or regulation. They are simply an informal tool, allowing the clerk to expand the court’s resources. These index cards are not a substitute for the minute books located in each trial part. The cards merely alert the trial calendar clerk as to the status of each case.
Unfortunately attorneys who practice in this court fail to realize that Judges rarely if ever see a case’s court file. If a necessary document is missing from a motion, rather than waiting days or weeks for the clerk to find the file, the court will reject the application. When a case finally makes it to trial, all relevant pretrial limitations regarding issues and evidence must be brought to the Trial Judge’s attention before the trial commences, or pretrial rulings may get lost in the shuffle.
*381 Stipulation in “Open Court”
In this environment attorneys and court personnel share a tendency to cut corners in an attempt to avoid delay and move on to their next case. When settling a case, this failure to follow procedures can lead to an unenforceable agreement.
Stipulations of settlement are favored by the courts. Only where there is sufficient cause to invalidate a contract will a party be relieved from the consequences of a stipulation made during litigation. (Hallock v State of New York, 64 NY2d 224 [1984].) Negotiated compromises avoid potentially costly, time-consuming litigation and preserve scarce judicial resources. There is also a societal benefit in recognizing the autonomy of parties to shape their own solutions rather than having one judicially imposed. (Matter of Rebell v Trask, 220 AD2d 594 [2d Dept 1995].) Of course these interests can only be promoted if settlements are routinely enforceable “rather than becoming gateways to litigation”. (Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1994].) Nevertheless, before a court can decide whether there is sufficient cause to challenge a stipulation, it must first determine whether the parties properly entered into a binding stipulation.
CPLR 2104 outlines the procedures for entering into a binding stipulation. It states that “[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.” (CPLR 2104.)
Consequently, an “oral stipulation” is binding on the parties only when an agreement is spread upon the record in “open court”. (Sontag v Sontag, 114 AD2d 892 [2d Dept 1985].) The “open court” requirement is satisfied if there are court records documenting the terms of a stipulation read in the presence of a Judge with the representatives of all parties present. (Shenoy v Buffalo Med. Group, 213 AD2d 1012 [4th Dept 1995].)
In the Second Department the Appellate Division has held that a notation appearing on a Judge’s trial calendar does not constitute a sufficient memorialization of a settlement’s terms so as to satisfy the “open court” requirement. (Johnson v Four G’s Truck Rental, 244 AD2d 319 [2d Dept 1997].) On the other hand, the same court has held that a stipulation which is recorded in the minute book of the clerk of the court is enforceable. (Deal v Meenan Oil Co., 153 AD2d 665 [2d Dept 1989].)
*382 Here, no evidence is presented that the stipulation was recorded in a traditional court record. (See, Matter of Dolgin Eldert Corp., 31 NY2d 1 [1972].) The index card is the only written evidence of settlement. Using the contrasting cases cited above as precedent, it is obvious that the index cards are too informal to be considered evidence of a stipulation entered into in “open court”. The index card’s purpose is to track the case’s progress on the trial calendar and to alert the calendar clerk when the case is resolved. Unlike a written agreement, a transcript in “open court”, or even a memorialization in the clerk’s minutes, the index card is too vague and informal to provide notice to the parties or to the public as to the terms of an agreement. (See, Zambrana v Memnon, 181 AD2d 730 [2d Dept 1992].)
Therefore, upon the evidence submitted with this application, a stipulation was not entered into in “open court” on May 20, 1998.
Stipulation by Order
Still, plaintiff did inadvertently correct the failure to settle this action in “open court” by having an order signed by Judge Yellen on July 1, 1998. Although the defendant’s attorney acknowledges receiving the settled order, defendant alleges that the order is procedurally invalid because the notice of settlement attached to it did not comply with CPLR 2101 (a) in that the size of the type used in the notice was less than 10-point in size.
While the defendant correctly argues that the portion of the notice of settlement containing the settlement date is defective in terms of size, other sections of the notice were large enough to alert the defendant to its purpose. In any event, defendant waived his objections to the defect by failing to return the stipulation to the plaintiff within two days of its receipt with a statement of its particular flaw. (CPLR 2101 [f].)
The defendant’s other procedural objections to the order of settlement are without merit.
CPLR 5015 (a) (3) — Vacating a Judgment Procured by Fraud and Misrepresentation
The defendant alleges that the order of settlement is substantively defective in that plaintiffs reservation of his right to future no-fault benefits in the release without referring to such limitation in the order submitted to Judge Yellen is tantamount to fraud and misrepresentation. (CPLR 5015 [a] *383 [3].) In response to this allegation the plaintiff states that the reservation is justified because this lawsuit did not include a cause of action for plaintiffs economic losses resulting from the accident.
The Blumberg form entitled “General Release” traditionally used to settle simple negligence cases such as this one is drafted to be overly broad. It releases the defendant from all claims made by the plaintiff which arose before the date the release is signed. In most cases this type of release is sufficient. However, occasionally a lawyer may want to add language to the “General Release” to protect his client’s rights to sue for other incidents which may have occurred between the parties, or to collect for damages not alleged in the complaint.
The sole provision of the'order signed by Judge Yellen states that the action is settled for $55,000. Accordingly, a valid release based on the order need only be as broad as the allegations contained in the plaintiffs pleadings. In this case, the defendant could only claim that the plaintiff misrepresented the terms of the settlement to the court if the plaintiff sued for future economic losses and the release, by reserving plaintiffs future rights to no-fault benefits, failed to release the defendant from that portion of plaintiffs claim.
Without access to the pleadings in this case, which the defendant failed to annex to the order to show cause, the court must accept the affirmation of the plaintiffs attorney as true that the plaintiff did not sue for his future economic losses. Therefore, under the circumstances, the release matches the scope of the lawsuit. Accordingly, the defendant did not meet his burden of proving that the order of settlement was obtained by fraud or misrepresentation.
CPLR 5003-a — Prompt Payment After Settlement
The final issue of this application is whether the plaintiff correctly converted the order of settlement into a valid judgment. Plaintiffs counsel states thát he properly entered a judgment based on the order of settlement pursuant to CPLR 5003-a (a) and (c).
“When an action to recover damages has been settled, any settling defendant * * * shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff.” (CPLR 5003-a [a].) “In the event that a *384 settling defendant fails to promptly pay all sums as required * * * any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid.” (CPLR 5003-a [e].) CPLR 5003-a’s purpose is to avoid further litigation. It allows the plaintiff to automatically enter a judgment after a settlement, and it penalizes the defendant for not paying promptly by allowing the plaintiff to collect interest, fees and disbursements.
In this case, plaintiff tendered a release and stipulation to the defendant on May 20, 1998, and entered the judgment on July 1, 1998. However, on May 20, 1998 no enforceable stipulation existed since the oral stipulation was not properly made in “open court”. The settlement only became valid on July 1, 1998 after Judge Yellen signed the order of settlement and the order was entered. Accordingly, the plaintiff entered the judgment prematurely. Subdivision (d) of CPLR 5003-a clarifies this procedure by stating that “[i]n an action which requires judicial approval of settlement * * * the plaintiff shall also tender a copy of the order approving such settlement with the duly executed release and stipulation”.
DECISION
In conclusion, since the judgment in this action was filed prematurely, less than 21 days before all settlement documents were tendered to the defendant pursuant to CPLR 5003-a, it must be vacated. Nevertheless, the order of settlement entered in this action shall stand. The defendant shall have 21 days after this entered order is served upon his counsel to pay the full amount of the settlement. If the defendant fails to pay the settlement amount within such time, plaintiff may use the procedures outlined in CPLR 5003-a to enter a judgment in this action.
Plaintiffs application for sanctions against the defendant and defendant’s attorney is denied.