■ THOMAS E. FOX, JR., Respondent, v T.B.S.D., INC, et al., Appellants. [719 NYS2d 150] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered December 3,

1999 in Rensselaer County, which directed defendants to pay plaintiff pursuant to the terms of a settlement agreement.

Plaintiff alleges that an underlying personal injury action between the parties was settled for $70,000 and that defendants failed to pay this sum within 21 days of their receipt of plaintiff's release. Accordingly, plaintiff sought, and Supreme Court granted, a judgment pursuant to CPLR 5003-a for the settlement amount, costs, disbursements and interest. Defendants appeal claiming that the court abused its discretion in granting plaintiff this relief since allegedly no enforceable settlement agreement had ever been reached between the parties, that entry of the judgment is precluded by CPLR 5003-a (f) as defendants' insurer was in liquidation in California and that any settlement reached was between plaintiff and defendants' insurer, a contract which cannot be enforced against the individual defendants who never authorized the settlement.

"CPLR 5003-a envisions a summary ex parte procedure to enter judgment once defendants fail to pay settled actions promptly" (*O'Meara v A & P, Inc.*, 169 Misc 2d 697, 699-700; *see,* 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5003-a.04). Although the statute does not include a procedural mechanism by which a defendant may oppose such an application—indeed judgment can be entered "without further notice" to a settling defendant (CPLR 5003-a [e])—there appears to be no bar to submitting opposition papers in the event that a defendant receives notice of the application. Here, defendants were notified by letter dated August 27, 1999 that plaintiff considered them to be in default under the statute and intended to submit a proposed judgment to Supreme Court pursuant to CPLR 5003-a (e). While counsel for both parties apparently appeared before Supreme Court at a subsequent conference and defense counsel presumably opposed the application orally, defendants did not submit any written opposition papers to the application nor did they cross-move for affirmative relief of their own (*see, e.g.*, CPLR 5003-a [f]; 5015; *compare, Prote Contr. Co. v Board of Educ.*, 230 AD2d 32, 39; *Errico v Davidoff*, 178 Misc 2d 378). Thus, there is no evidence before this Court in admissible form to establish defendants' claim that no enforceable agreement had ever been entered into between the parties or that the matter involved an insolvent insurance company under Insurance Law article 74 (*see,* CPLR 5003-a [f]; *compare, Asseng v Arbacas*, 181 Misc 2d 816). In the absence of any formal opposition to plaintiff's application on these grounds, defendants only recourse at this time is to move to vacate the judgment,

there being no appeal from a judgment entered in the absence of any opposition (*see, e.g.,* CPLR 5015 [a] [3]; 5511; *see also, Chrysler Fin. Corp. v DeLuca,* 256 AD2d 886, 887; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5003-a.04) and the instant appeal must be dismissed.

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.