■ In the Matter of ABRAHAM S., Respondent. PAUL S. et al., Appellants. [737 NYS2d 542] —In a proceeding pursuant to Mental Hygiene Law article 81 in which a guardian was appointed for Abraham S., an incapacitated person, by order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated February 5, 1999, Paul S. and Bernard S. appeal, as limited by their brief, from so much of an order of the same court (Thomas, J.), dated December 8, 2000, as granted the motion of Abraham S. to discharge the guardian.

Ordered that the appeal is dismissed, without costs or disbursements.

Paul S. and Bernard S. (hereinafter the appellants) commenced this proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for their father, Abraham S. A guardian was appointed in February 1999. In June 2000 Abraham S. moved to terminate the guardianship (*see,* Mental Hygiene Law § 81.36).

The appellants did not submit any papers in opposition to their father's motion and they did not offer any opposition at the hearing held on the motion. In fact, at the hearing, the court noted "[t]here seems to be no family opposition to this." Although Frances S., the appellants' sister, cross-moved, approximately one month after the hearing, to continue the guardianship, the appellants did not join in that motion. The appellants therefore are not aggrieved parties and the appeal must be dismissed (*see,* CPLR 5511; *Acierno v Hotsy Corp.,* 289 AD2d 271; *Whiteman v Temimah,* 255 AD2d 378; *Pesantez v Boyle Envtl. Servs.,* 251 AD2d 11). Furthermore, the issues raised in the cross motion of Frances S. are not properly before this court, as she did not file a notice of appeal (*see, Matter of MacKay v Essenberg,* 264 AD2d 700; *D.T. Plumbing Supply Corp. v Weinstein,* 253 AD2d 732; CPLR 5515 [1]). Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.