■ JOAN DANKOVICH et al., Appellants, v BARBARA WEISINGER, M.D., Respondent. [758 NYS2d 334] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered May 15, 2001, which dismissed plaintiff's complaint due to her failure to appear and proceed to trial, unanimously reversed, on the law, with costs, the complaint reinstated and the trial to be rescheduled before another judge.

Plaintiff's husband advised the trial court that plaintiff was too ill to appear in court for trial, that she had undergone chemotherapy and radiation for colon cancer and suffered significant radiation damage, that she had no control over her bowels and defecated 15 to 20 hours a day into diapers, and that she was in extreme pain. In addition, the court received an affirmation from plaintiff's surgeon stating that, upon examining plaintiff the day before she was ordered to appear in court, he determined that she urgently required major abdominal surgery to alleviate her severe gastrointestinal

symptoms, that he recommended that she confine herself immediately to rest at home and cancel her scheduled court appearance, and that arrangements were being made to schedule the proposed surgery for the following week.

Given plaintiff's more than reasonable excuse for her default, as thus demonstrated, and the merits of her cause of action as demonstrated by the verified complaint and the fact that the first trial of this action ended in a jury disagreement, the trial court abused its discretion in granting defendant's motion for a default judgment (*see 38 Holding Corp. v City of New York*, 179 AD2d 486 [1992]).

We note that, because plaintiffs contested defendant's application for entry of a default judgment, the judgment is appealable (*cf.* CPLR 5511; *see Jann v Cassidy*, 265 AD2d 873, 874 [1999]; *PM-OK Assoc. v Britz*, 256 AD2d 151, 153 [1998]). Concur—Buckley, P.J., Ellerin, Lerner, Friedman and Marlow, JJ.