■ BARBARA SCHLAIN, Appellant, v WOMEN'S RADIOLOGY, P.C., et al., Respondents. [759 NYS2d 67] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 1, 2002, which dismissed plaintiff's action with prejudice for her failure to proceed to trial, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for further proceedings.

By summons and complaint dated April 19, 2000 and April 28, 2000, respectively, plaintiff commenced an action sounding in medical malpractice. The matter was adjourned on September 20, 2001, and again on November 27, 2001, the latter date being the date of the compliance conference. The intervention of the World Trade Center tragedy has a bearing on the issues before us. Plaintiff's counsel's office was in close proximity to the World Trade Center. One of his trial attorneys was killed during that event; two paralegals then left employment, and remaining staff struggled to carry on. The office was inaccessible for a significant time period after the attacks.

On the November 27, 2001 adjourned date, trial was scheduled for January 17, 2002. All counsel, at that time, were advised that the trial date was firm, the parties were required to inquire as to the availability of witnesses, and were to report back to the court within seven days regarding difficulties, if any, with the scheduled trial date. The matter was then marked final for jury selection on January 17, 2002. Counsel represents that during this time period, with numerous trials rescheduled for January, he tried, unsuccessfully, to get adjournments beyond January. During this interim period, though, counsel did not advise the court in this case or other counsel that plaintiff could not proceed on the scheduled date. On January 17, 2002, plaintiff's attorney informed the court that plaintiff could not proceed to trial. Plaintiff's medical witness had recently communicated to counsel that he refused to enter New York City as a result of continuing safety concerns, and counsel had not yet been able to obtain a new witness. That witness, who would have provided evidence of defendant physician's medical negligence, was critical to the case. Additionally, plaintiff's counsel failed to comply with certain discovery obligations set forth in the November 27, 2001 compliance conference order. However, counsel noted the scheduling conflicts, the loss of a trial attorney and paralegal

staff, and the inaccessibility of his law office for several weeks following the attacks, which placed counsel under significant time pressures and particularly impeded timely discovery responses. Counsel also argued that defendants' own pattern of dilatory discovery demands, including a supplemental demand for a bill of particulars served only two weeks before the trial date, further complicated counsel's ability to be properly responsive. The court granted plaintiff only one additional day to appear for trial, but, requesting a month's adjournment, plaintiff declined the short adjournment. The court then dismissed with prejudice for plaintiff's failure to proceed to trial, characterizing the dismissal as being on default.

Initially, this was not a default. This is not a case of a defendant failing to proceed to trial, against whom a default judgment may be entered (cf. CPLR 3215 [a]). Moreover, plaintiff's counsel appeared and contested the entry of a default judgment. Hence, the order appealed from was not granted on default (*Jann v Cassidy,* 265 AD2d 873 [1999]; *PM-OK Assoc. v Britz,* 256 AD2d 151 [1998]). The judgment is directly appealable without the need to seek vacatur of the default judgment (cf. CPLR 5015 [a] [1]). On the merits, under the extraordinary circumstances of this case, a reasonable adjournment should have been granted. Concur—Tom, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.