OPINION OF THE COURT
Memorandum.
Order reversed without costs and plaintiffs’ motion to enter judgment against Hermitage Insurance Company pursuant to CPLR 5003-a denied.
In this personal injury action, plaintiffs moved to enter judgment pursuant to CPLR 5003-a against Hermitage Insurance Company, defendant’s insurance carrier and a nonparty hereto, for its failure to pay its portion of a $10,000 purported settlement. Hermitage, which had disclaimed coverage of defendant, cross-moved to intervene in order to oppose the motion, claiming that it refused to pay its share of $9,000 as agreed because defendant Marie Varveris had allegedly reneged on an agreement to discontinue her Supreme Court, Nassau County, declaratory judgment action in which she challenged the propriety of Hermitage’s disclaimer. Hermitage argued that language in correspondence of its counsel referring to “the execution of mutual releases and stipulations” as a condition of settlement herein, combined with correspondence in the declaratory judgment action, should have made clear the parties’ alleged agreement that the settlement would be global, involving the declaratory judgment action as well as the present personal injury action. Prior to the instant motion, defendant Varveris paid her individual share of the settlement as directed by infant compromise orders entered on behalf of the infant plaintiffs, and was given a general release and stipulation of discontinuance.
The court below improperly ordered the entry of judgment pursuant to CPLR 5003-a directly against Hermitage. Hermitage argued below and argues upon appeal that it offered to contribute to the settlement in this personal injury action as part of an effort to resolve the separate declaratory judgment action, and that when this effort failed, enforcement pursuant to CPLR 5003-a did not lie against it as a nonparty.
*103 CPLR 5003-a provides, in pertinent part:
“(a) When an action to recover damages has been settled, any settling defendant, except those defendants to whom subdivisions (b) and (c) [not relevant herein] apply, shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff. . .
“(e) In the event that a settling defendant fails to promptly pay all sums as required by subdivisions (a), (b), and (c) of this section, any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid. The judgment shall be for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing the action were tendered.”
This procedure is summary, as a judgment pursuant to it may be entered “without further notice, against such settling defendant who has not paid” (CPLR 5003-a [e]; see also Fox v T.B.S.D., Inc, 278 AD2d 612 [2000]).
No provision of CPLR 5003-a applicable to the present matter provides for the entry of judgment directly against a defendant’s insurance carrier in lieu of defendant. Even assuming, arguendo, that a settlement agreement was reached, where an insurer defaults in tendering a settlement amount on behalf of a settling defendant or defendants, the statute provides by its terms that judgment is entered against the defendant or defendants involved (see Pothos v Arverne Houses, 269 AD2d 377 [2000]), who in turn may seek their remedies against their defaulting insurer or insurers (see Insurance Law § 3420 [a] [2]; Ops Gen Counsel NY Ins Dept, No. 02-07-23 [July 2002]).
Hermitage intervened solely to argue that no enforcement pursuant to CPLR 5003-a lay against it as a nonparty to the present action. Although a successful motion to intervene generally renders the intervenor a party for all purposes (see New York Cent. R. R. Co. v Lefkowitz, 19 AD2d 548 [1963]), Hermitage was clearly not a party at the time the motion was made, and thus not subject under any circumstances to the operation of CPLR 5003-a. Any alleged agreement between plaintiffs and defendant’s nonparty insurance carrier was, in accordance with *104 the structuring of the purported settlement and with its subsequent litigation, separate from the agreement between plaintiffs and defendant Varveris personally, and thus not enforceable within the present action (cf. e.g. Mann v Gulf Ins. Co., 300 AD2d 452 [2002]; Mann v All Waste Sys., 293 AD2d 656 [2002]).
In light of this disposition, the remainder of the parties’ arguments regarding the enforceability of the underlying settlement agreement need not be reached.
Weston Patterson, J.P, Golia and Belen, JJ., concur.