■ Sean Sabeti et al., Respondents, v Shahla Aminpour, Appellant. [872 NYS2d 203]—

In an action, inter alia, to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated August 2, 2007, which denied her motion to vacate an order of the same court, dated November 17, 2006, granting that branch of the plaintiffs' motion which was for leave to enter a default judgment on the issue of liability against her upon her failure to appear or answer the complaint, and for an inquest on the issue of damages and,

in effect, to vacate an order of the same court (Shifrin, Ct. Atty. Ref.), dated March 9, 2007, which, after an inquest, awarded the plaintiffs the principal sum of $753,770. The appeal brings up for review so much of an order of the same court (Mahon, J.), dated December 7, 2007, as denied that branch of the defendant's motion which was for leave to renew (*see* CPLR 5517 [a] [3]).

Ordered that the order dated December 7, 2007 is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the defendant's motion which was for leave to renew is granted, upon renewal, so much of the order dated August 2, 2007 as denied that branch of the defendant's motion which was, in effect, to vacate the order dated March 9, 2007, made following the inquest, is vacated, that branch of the defendant's motion is granted, and the order dated March 9, 2007 is vacated and, the order dated August 2, 2007 is otherwise adhered to; and it is further,

Ordered that the appeal from the order dated August 2, 2007 is dismissed as academic, in light of our determination upon review of the order dated December 7, 2007; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for a new assessment of damages to be made after an inquest held upon notice to the defendant; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In an order dated November 17, 2006 the Supreme Court granted that branch of the plaintiffs' motion which was for leave to enter a default against the defendant on the issue of liability, based on her failure to appear or answer, and referred the matter for an inquest on the issue of damages. The court scheduled the inquest for December 14, 2006. In the order dated November 17, 2006 the Supreme Court directed the plaintiffs to serve the defendant with a copy of that order, as well as a note of issue regarding the inquest. The inquest took place as scheduled on December 14, 2006 before a referee. The defendant did not appear, nor did an attorney appear on her behalf. The referee later issued an order dated March 9, 2007 awarding the plaintiffs the principal sum of $753,770 in compensatory damages.

Under the circumstances presented, it was an improvident exercise of discretion to deny that branch of the defendant's motion which was for leave to renew her prior motion which was to vacate the order dated November 17, 2006, and, in effect, the order dated March 9, 2007 (*see* CPLR 2221 [e]; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 510

[2007]). Accordingly, the defendant's motion for leave to renew should have been granted and, upon renewal, that branch of the defendant's prior motion which was, in effect, to vacate the order dated March 9, 2007, made after the inquest, should have been granted. The defendant contended that she did not receive prior notice of the inquest, as the Supreme Court had directed. In response, the plaintiffs furnished no proof of compliance with the court's directive that the order dated November 17, 2006, and the note of issue regarding the inquest, be served upon the defendant. Therefore, we remit the matter to the Supreme Court, Nassau County, for a new inquest on the issue of damages, to be held upon notice to the defendant.

The defendant's remaining contentions either need not be addressed in light of the foregoing determination, are without merit, or are not properly before this Court. Fisher, J.P., Dillon, Miller and Eng, JJ., concur.