■ Jesus Farias, Respondent, v John Douglas Simon, Jr., et al., Appellants, et al., Defendant. [899 NYS2d 843]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered April 22, 2009, which denied defendants-appellants' motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 18, 2009, which, insofar as appealable, denied defendants' motion to renew, unanimously dismissed, without costs, as abandoned.

Plaintiff's process server's successive attempts to serve defendants personally at various times of the day when it could be reasonably expected that they would be at home satisfied the due diligence requirement of CPLR 308 (4) so as to permit nail-and-mail service (*see Hochhauser v Bungeroth*, 179 AD2d 431 [1992]). As defendants do not dispute that the front door of their apartment is accessible from the street, we reject their argument that the process server, before resorting to nail-and-mail, should have first attempted service pursuant to CPLR 308 (2) by delivering the process to the doorman of their building (*cf. McCormack v Goldstein*, 204 AD2d 121 [1994], *lv denied* 85 NY2d 801 [1995]). Nor was it necessary that the process server, before resorting to nail-and-mail, attempt to serve defendants at their place of business (*see Brunson v Hill*, 191 AD2d 334 [1993]). Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.