■ In the Matter of 144 STUYVESANT, LLC, Respondent, v BARBARA GONCALVES, Appellant. [990 NYS2d 525]—

In a summary holdover proceeding, Barbara Goncalves appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated July 15, 2011, which, sua sponte, (a) dismissed her appeal from an order of the Civil Court of the City of New York, Kings County (Ofshtein, J.), entered June 4, 2010, in effect, granting the petitioner's motion to restore the case to the calendar, to enter judgment against Barbara Goncalves in the sum of $25,200, and to issue a warrant of eviction based upon her failure to comply with a settlement agreement, and (b) dismissed her appeal from a judgment of the same court also entered June 4, 2010, upon the order, inter alia, in favor of the petitioner and against her in the sum of $25,200.

Ordered that the order dated July 15, 2011, is reversed, on the law, with costs, the appeals are reinstated, and the matter is remitted to the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, for consideration of the merits of the appeals.

In this summary holdover proceeding, the tenant, Barbara Goncalves, filed appeals in the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts from an order and a judgment of the Civil Court of the City of New York, both entered June 4, 2010. The order, upon which the judgment was entered, granted the petitioner landlord's motion to restore the case to the calendar, to enter

judgment against Goncalves in the sum of $25,200, and to issue a warrant of eviction based upon Goncalves's alleged failure to comply with a stipulation of settlement entered into in the proceeding. The Appellate Term dismissed the appeals from the order and the judgment on the ground that they were entered on Goncalves's default in opposing the petitioner's motion (*see* CPLR 5511; *TPZ Corp. v Tsoukas*, 264 AD2d 837 [1999]).

Contrary to the Appellate Term's determination, the Civil Court's order specifically addressed the merits of the petitioner's motion, including the arguments and defenses presented by Goncalves in her oral opposition to the motion. The order and the judgment do not refer to Goncalves as having defaulted in opposing the petitioner's motion, and the motion was granted on the merits after a review of the arguments presented by both parties (*see Schlain v Women's Radiology*, 305 AD2d 173 [2003]; *Jann v Cassidy*, 265 AD2d 873 [1999]). Accordingly, the Appellate Term erred in dismissing the appeals since they were not entered upon Goncalves's default (*Matter of Abraham S.*, 291 AD2d 452 [2002]), and the matter must be remitted to the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts for a determination of Goncalves's appeals on the merits.

Goncalves's remaining contentions are not properly before this Court, since they pertain to the merits of the appeals from the order and the judgment entered June 4, 2010, which shall be considered by the Appellate Term in the first instance upon remittitur. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.