[6 NYS3d 901]

C G LIMITED PARTNERSHIP, Appellant, v KINGSBRIDGE HEIGHTS CARE CENTER, INC., Doing Business as KINGSBRIDGE HEIGHTS REHABILITATION AND CARE CENTER, Respondent.

Supreme Court, Appellate Term, First Department, September 16, 2014

APPEARANCES OF COUNSEL

*Rosenberg & Estis. P.C.*, New York City (*Jeffrey Turkel* of counsel), for appellant.

*The Law Office of Seth Eisenberger*, Brooklyn (*Seth Eisenberger* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Order, entered June 19, 2013, insofar as appealed from, modified by directing that the default judgment stand as security pending a final disposition of the action; as modified, order affirmed, without costs.

We find no cause to disturb the motion court's discretionary determination to open the default money judgment entered against defendant tenant (*see Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039 [2009]). The default does not appear to have been willful, apparently resulting from or contributed to by the incarceration and ultimately fatal illness of the corporate defendant's then-president and sole shareholder, one Sieger, a circumstance shown to have compromised defendant's ability to defend the action. Notably, the parties had vigorously litigated this matter for several years prior to defendant's default, trying to completion and pursuing an appeal with respect to the possessory issues raised in the underlying holdover petitions (*see CG Ltd. Partnership v Kingsbridge Hgts. Care Ctr., Inc.*, 20 Misc 3d 128[A], 2008 NY Slip Op 51306[U] [App Term, 1st Dept 2008]). In the circumstances, tenant showed a sufficient excuse for its default (*see Dankovich v Weisinger*, 305 AD2d 105 [2003]; *Agyemang v Avis Rent-A-Car Sys.*, 209 AD2d 224 [1994]).

Tenant also demonstrated the existence of several facially meritorious defenses to the substantial (over $19 million) rent, use and occupancy and related claims advanced by plaintiff landlord (*see Szulc v Bateman*, 21 AD3d 479 [2005]). In this regard, defendant alleged, inter alia, that the use and occupancy award sought by plaintiff improperly included defendant's share of the debt service of a $7.2 million mortgage, since that mortgage had been paid off in 2004; that it is entitled to credits for two payments it made to cover the expenses of a renovation project that never took place; and that the amount ($570,000) of legal fees sought by plaintiff was not warranted. We note that were we not vacating the default we would direct

a new inquest because of plaintiff's admitted failure to serve the notice of inquest in the manner directed by the court (*see Sabeti v Aminpour*, 59 AD3d 422 [2009]).

Although tenant's motion to vacate was made beyond the one-year period prescribed by CPLR 5015 (a) (1), the court "has the discretionary power to vacate a default even after the year has expired" (*Johnson v Minskoff & Sons*, 287 AD2d 233, 236 [2001]; *see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015:6). However, in the particular circumstances of this case, we find it appropriate to condition the grant of vacatur relief upon the judgment standing as security pending the final disposition of the action (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 227 [2011]; *Rooney Pace, Inc. v Braverman*, 74 AD2d 555 [1980]; *see also Alba v Singer*, 303 AD2d 250 [2003]).

LOWE, III, P.J., SCHOENFELD and HUNTER, JR., JJ., concur.