■ In the Matter of NATALIE KRODEL, Appellant, v AMALGAMATED DWELLINGS, INC., et al., Respondents, and ABRAHAM BRAGIN, Respondent. [32 NYS3d 139]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 6, 2015, which, after a traverse hearing, granted respondent Abraham Bragin's motion to dismiss the proceeding against him for lack of jurisdiction, unanimously reversed, on the law, without costs, and the motion denied.

Although the motion court did not find the process server to

be credible, it is uncontested that cameras located on the exterior of the building in which Bragin's apartment was located captured the process server's attempts at service on November 10, 11, and 13, 2014. Although Bragin raises on appeal purported flaws with the attempted service on November 10, he did not do so at the traverse hearing. Instead, his arguments pertained to November 11. In any event, we reject Bragin's arguments pertaining to November 10.

On November 11, the video demonstrates that the process server approached the building, rang the doorbell multiple times, and left after five minutes. Bragin did not argue at the traverse hearing that the door was unlocked or that the process server failed to check it on that date. While the server's attempt may be characterized as minimal diligence, we find that it was sufficient to warrant substituted service pursuant to CPLR 308 (4), especially when considered in conjunction with his attempts on November 10 and 13 (*see Albert Wagner & Son v Schreiber*, 210 AD2d 143 [1st Dept 1994]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.