Anthony Messam, Appellant, 
against
Derwin Omeally and Julian Omeally, Respondents.



Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered December 16, 2014. The order denied plaintiff's motion to vacate a prior order of the same court dated October 15, 2014 which (1) granted an oral application by defendant Julian Omeally to open his default in appearing and answering, and (2) sua sponte opened a default by defendant Derwin Omeally in appearing and answering.




ORDERED that the order entered December 16, 2014 is reversed, without costs, and the matter is remitted to the Civil Court for a new determination of plaintiff's motion to vacate the order dated October 15, 2014 in accordance with the decision herein.
Plaintiff commenced this action to recover for personal injuries allegedly sustained as a result of a motor vehicle accident which occurred when his vehicle had allegedly been struck by a vehicle owned by defendant Derwin Omeally and operated by defendant Julian Omeally. After defendants failed to appear or answer, an inquest was scheduled. On the date of the scheduled inquest, defendant Julian Omeally made an oral application for leave to open his default. By order dated October 15, 2014, the Civil Court opened "defendant's" default, directed him to file an answer, and scheduled a trial date. Although no application had been made on behalf of defendant Derwin Omeally, the Civil Court apparently treated the default of Derwin Omeally similarly and, sua sponte, opened his default as well, since a trial date was set for both defendants.
On November 18, 2014, plaintiff moved to vacate the October 15, 2014 order and to restore the matter to the inquest calendar. There was no written opposition to the motion, although an answer was filed on behalf of both defendants on November 28, 2014. By order entered December 16, 2014, the Civil Court, after oral argument, denied plaintiff's motion, reasoning that, since this was a fairly new matter, there had been no prejudice to plaintiff in opening the default. Plaintiff appeals from the December 16, 2014 order.
Although there was no written opposition to plaintiff's motion to vacate the October 15, 2014 order, the December 16, 2014 order denying plaintiff's motion states that the motion was decided after oral argument, with both defendants appearing with their counsel. While oral opposition to a motion is not prohibited per se (see M & C Bros. v Torum, 75 AD3d 869, 870 [2010]), we note that a motion court has several alternatives when confronted with a party's failure to submit written opposition to its adversary's motion: the court may treat the party's [*2]failure to submit written opposition to its adversary's motion as a default (see id.; see also Fox v T.B.S.D., Inc., 278 AD2d 612 [2000]); it may decide not to hold the party in default and, instead, to extend that party's time to submit written opposition; or it may simply consider the oral arguments put forth by that party as that party's opposition (see e.g. Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695 [2014]). Of course, if the court chooses not to treat the party's failure to submit written opposition as a default, sworn written opposition is the preferred manner of proceeding, particularly if there is to be any meaningful appellate review of the ensuing order. Nevertheless, in certain situations, an appellate court may still review an order based on oral opposition alone, so long as the motion court did not treat the party orally opposing the motion as being in default, and set forth in its order exactly what arguments were orally presented (see id.).
In the case at bar, although the Civil Court stated that plaintiff's motion was decided after oral argument, noting the presence of defendants and their counsel, the record is silent as to the import of that statement. If the Civil Court, in effect, treated defendants' failure to submit written opposition to plaintiff's motion as a default, but denied plaintiff's motion based upon a finding that plaintiff's motion papers, standing alone, were insufficient to warrant the relief sought, then the order should have made a specific finding deeming defendants to be in default (see id.; see also Jann v Cassidy, 265 AD2d 873, 874 [1999]). On the other hand, if the Civil Court denied plaintiff's motion after it considered the off-the-record oral arguments made by defendants, then the order should have, at the very least, indicated that the court was treating the motion as opposed and that the decision was being made "on the merits after a review of the arguments presented by both parties" (Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d at 696), precisely setting forth the oral arguments that had been made, bearing in mind that unsworn factual statements should not be considered (see generally Fox v T.B.S.D., Inc., 278 AD2d 612).
Since, on this record, we are unable to determine how the Civil Court treated the lack of written opposition to plaintiff's motion, the order is reversed and the matter is
remitted to the Civil Court for a new determination of plaintiff's motion.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: September 07, 2016