Urban Well Acupuncture, P.C., as Assignee of Luis Lopez, Appellant, 
against
Metropolitan Property and Casualty Ins. Co., Respondent. 




Gary Tsirelman, P.C. (Douglas Mace of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan M. Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered January 24, 2018. The order denied plaintiff's motion to vacate a prior order of that court (Richard J. Montelione, J.) entered January 17, 2017 granting defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order entered January 24, 2018 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). There was no written opposition. By order dated January 17, 2017, the Civil Court (Richard J. Montelione, J.) granted the motion, noting the lack of written opposition but stating that there had been oral argument. Plaintiff subsequently moved to vacate "its default," arguing that it had a reasonable excuse for failing to submit written opposition to defendant's motion and that it had a meritorious opposition. By order entered January 24, 2018, the Civil Court (Joy F. Campanelli, J.) denied plaintiff's motion, stating that defendant's motion for summary judgment had been decided "on its merits and not on default." 
The January 17, 2017 order "is silent as to the import of" (Messam v Omeally, 52 Misc 3d 144[A], 2016 NY Slip Op 51282[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]) [*2]plaintiff's appearance for oral argument on defendant's motion and does not specify whether the court considered defendant's motion to be opposed or granted on default. Moreover, the order did not set forth any arguments made by plaintiff at oral argument. Consequently, this court cannot determine how the Civil Court treated the motion (see id.; cf. Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695 [2014]; Zafran v Hertzberg, 53 Misc 3d 145[A], 2016 NY Slip Op 51578[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
However, regardless of whether the January 17, 2017 order granted defendant's summary judgment motion on default, plaintiff failed to establish that it is entitled to any relief on its motion for relief from the order. If defendant's motion was granted on default, which is the position plaintiff takes, plaintiff failed to demonstrate that it had a meritorious opposition to defendant's motion (see CPLR 5015 [a] [1]; Roche v City of New York, 88 AD3d 978 [2011]). If it was not granted on default, plaintiff's motion would, in effect, be one seeking relief pursuant to CPLR 2221, and plaintiff failed to demonstrate that there were any "matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d] [2]) that would warrant not adhering to the original order, or that there were any "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). 
Accordingly, the order entered January 24, 2018 is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019