2001 Story LLC, Petitioner-Landlord-Respondent, 
against
Daniel Saul, Respondent-Tenant-Appellant.




Tenant appeals from an order of the Civil Court of the City of New York, Bronx County (Brenda S. Spears, J.), dated September 17, 2019, denying his motion, in effect, to vacate a default final judgment and to restore the case to the calendar in a holdover summary proceeding.




Per Curiam.
Order (Brenda S. Spears, J.), dated September 17, 2019, reversed, without costs, motion granted, default final judgment vacated, and matter remanded to Civil Court for further proceedings on the holdover petition.
In the particular circumstances of this case, we favorably exercise our discretion, "in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), and grant tenant's motion to vacate the default final judgment. Tenant's default in this holdover proceeding, based upon his failure to restore his section 8 subsidy, was not willful, but resulted from his incarceration in Pennsylvania (see Brown v City of New York, 105 AD3d 420 [2013]; C G L.P. v Kingsbridge Hgts. Care Ctr., Inc., 47 Misc 3d 41 [App Term, 1st Dept 2014]; 46 Downing St. LLC v Thompson, 44 Misc 3d 143[A], 2014 NY Slip Op 51401[U] [App Term, 1st Dept 2014]). While the record indicates that Civil Court made attempts to arrange a teleconference with the incarcerated tenant, the efforts were unsuccessful through no fault of tenant. Moreover, the court appointed a guardian ad litem (GAL) to assist the tenant in mounting a timely defense (see 46 Downing St. LLC v Thompson, 41 Misc 3d 1018 [Civ Ct, NY County 2014], affd 44 Misc 3d 143[A], 2014 NY Slip Op 51401[U] [App Term, 1st Dept 2014]), but vacated the appointment at the next court appearance and entered a default judgment against tenant. Upon his release from prison, tenant promptly sought relief from the judgment. The warrant of eviction has not yet been executed.
Under these irregular circumstances, and the given strong public policy in favor of deciding cases on the merits (see e.g. Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, [*2]413-414 [2011]), we deem it appropriate to exercise our "inherent discretionary power" to relieve tenant of his default "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Siegel, NY Prac § 426 at 827 [6th ed 2018]), so that he may defend this holdover proceeding on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2020