Brafman & Assoc., P.C. v Balkany (2021 NY Slip Op 00083)





Brafman & Assoc., P.C. v Balkany


2021 NY Slip Op 00083


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 650188/19 Appeal No. 12809 Case No. 2019-03381 

[*1]Brafman & Associates, P.C., Plaintiff-Respondent,
v
Milton Balkany, Defendant-Appellant.


Michael P. Lagnado, New York, for appellant.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 11, 2019, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(8), unanimously affirmed, with costs.
Contrary to plaintiff's assertion, defendant did not waive the defense of improper service. Having added it to his amended answer within the time frame for amendments as of right under CPLR 3025(a), its omission from his original response does not constitute waiver (see Iacovangelo v Shepherd, 5 NY3d 184 [2005]). Were we to address plaintiff's unpreserved arguments concerning CPLR 3211(e), we would reject them. The statute makes clear that defendant's 60-day clock for a motion to dismiss on grounds of improper service began to run from the date of his amended answer, not from his original response, when the objection had not yet been raised.
However, plaintiff established that it served defendant by substituted service. "There are no rigid standards governing the due diligence requirement for substituted service pursuant to CPLR 308(4)" (Bank of America, N.A. v Budhan, 171 AD3d 622, 622 [1st Dept 2019], citing Bank Leumi Trust Co. of N.Y. v Katzen, 192 AD2d 401 [1st Dept 1993]), and plaintiff's process server's successive attempts to serve defendant personally at various times of the day, on different days of the week (a Monday, a Wednesday, and a Friday) satisfied the due diligence requirement of CPLR 308(4) so as to permit nail-and-mail service (see Hochhauser v Bungeroth, 179 AD2d 431 [1st Dept 1992]).
Defendant, who does not challenge that the address used by the process server was his "usual place of abode," avers plaintiff could not have reasonably expected him to be at home during the process server's three weekday attempts. Although defendant stated, in his affidavit in support of his motion, that he was "working (and travelling) away from home at the time," the conclusory nature of these assertions are inadequate and do not create an issue of fact to justify a traverse hearing (see Reem Contr. v Altschul & Altschul, 117 AD3d 583 [1st Dept 2014]; see also NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]). Defendant does not state where he was "working (and travelling)," at the time, or state other facts to show that it was unreasonable for plaintiff's process server to expect him to be home at the three different times and different days of the week of his attempts. Contrary to defendant's contention, plaintiff's process server did not have an obligation to determine where
defendant's place of business might have been in order for his efforts to constitute due diligence (Farias v Simon, 73 AD3d 569 [1st Dept 2010], citing Brunson v Hill, 191 AD2d 334 [1st Dept 1993]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021