Eros Intl. PLC v Mangrove Partners (2021 NY Slip Op 00793)





Eros Intl. PLC v Mangrove Partners


2021 NY Slip Op 00793


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 653096/17 Appeal No. 13069 Case No. 2019-05558 

[*1]Eros International PLC, Plaintiff-Respondent,
v
Mangrove Partners, et al., Defendants, Manuel Asensio, Defendant-Appellant.


The Cotter Law Group, Manhasset (Scott B. MacLagan of counsel), for appellant.
Levine Lee LLP, New York (Chad P. Albert of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered November 21, 2019, which, after a traverse hearing, granted plaintiff's motion for a default judgment against defendant Manuel Asensio, unanimously affirmed, with costs.
As counsel for defendant appeared and contested entry of the default judgment, the motion was not granted on default, and the order is appealable (see 114 W. 26th St. Assoc. v Fortunak, 22 AD3d 346 [1st Dept 2005]; Schlain v Women's Radiology, 305 AD2d 173 [1st Dept 2003]; Dankovich v Weisinger, 305 AD2d 105 [1st Dept 2003]).
Plaintiff established by a preponderance of the evidence that it properly served defendant with process and therefore that the court had jurisdiction over him. The court properly admitted the affidavits of service as prima facie evidence of service, based on its reasonable determination that the process server, Corey Guskin, could not, with an exercise of due diligence, be compelled to attend at the hearing (see CPLR 4531). Plaintiff's witness, Skye Gao, Esq., testified about the steps that were taken to secure Guskin's attendance and Guskin's adamant response that he would not attend, and the court's determination that Gao's testimony was credible is entitled to our deference (Arrufat v Bhikhi, 101 AD3d 441 [1st Dept 2012]).
The court providently exercised its discretion in allowing Gao's testimony and documents although she had not been disclosed as a witness. The law firm partner on plaintiff's case testified about the firm's efforts to secure Guskin's appearance, but he had not communicated directly with Guskin about his availability; Gao had done so. As defendant had had notice of the affidavits of service and Gao's efforts to secure Guskin's appearance, and the partner had addressed them during the course of his testimony, defendant was not prejudiced by Gao's testimony (see Singleton v Consolidated Edison Co. of N.Y., Inc, 112 AD3d 491 [1st Dept 2013]).
As shown in his affidavits of service, Guskin tried to serve defendant in person at his undisputed residence five times, on weekdays and on a Saturday and at different times of day, and only when he had failed did he affix a copy of the pleadings to defendant's door, followed by a mailing (see CPLR 308[4]). These efforts at service constitute the requisite due diligence under the statute (see Bank of Am., NA v Budhan, 171 AD3d 622 [1st Dept 2019]; Matter of Krodel v Amalgamated Dwellings, Inc., 139 AD3d 572 [1st Dept 2016]). Guskin was not required to try to serve defendant at his place of business before nailing and mailing (see Farias v Simon, 73 AD3d 569 [1st Dept 2010]; Brunson v Hill, 191 AD2d 334 [1st Dept 1993]). Nor was plaintiff required first to try service pursuant to CPLR 308(2) (Farias, 73 AD3d at 570). Defendant's conclusory denials of receipt of service failed to rebut the presumption of proper service created by the affidavits (HSBC Bank USA, N.A. v Hanchard, 170 AD3d 599 [1st Dept 2019]).
The court providently exercised [*2]its discretion in precluding defendant's witnesses and documents on the grounds that he did not disclose the witnesses until the eve of the hearing, despite subpoenaing them a week earlier and despite the court order to exchange witness lists one week in advance, and that he did not disclose the "Incident Report" until the hearing was under way (see Shmueli v Corcoran Group, 29 AD3d 309 [1st Dept 2006]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021