■ ELSIE DOWD, Respondent, v OWEN DOWD, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 11, 1989, which denied defendant's motion for a downward modification of maintenance and child support originally set at $5,339 per month, unanimously affirmed, without costs.

Order and judgment (one paper) of same court entered April 18, 1990, which adjudged defendant to be in contempt, fined him $8,000 and ordered his imprisonment until payment is made, unanimously affirmed, without costs.

The appeal from an ex parte order of the same court entered November 9, 1989, requiring defendant's employer to pay plaintiff $5,339 per month as maintenance and child support or 65% of defendant's net monthly commission, whichever is less, unanimously dismissed as nonappealable, without costs.

The parties were married on December 20, 1980 and have one child, born July 27, 1984, who suffers from a neurological

disorder and requires treatment and special schooling. Plaintiff, who has another child from a previous marriage, has a high school education and, although she did not work during the marriage, now is employed and earns less than $20,000 annually with limited economic prospects. Defendant is a stockbroker who earned substantial income during the marriage and $141,000 net income in 1986 and $197,000 net income in 1987. The parties were divorced in 1986 and plaintiff was awarded maintenance and child support totalling $5,339 per month and exclusive occupancy of the marital apartment. Plaintiff was thereafter granted permission to purchase the shares allocated to said apartment as part of a cooperative conversion but, unable to obtain financing, opted to sell her insider's rights and relocate. Because defendant was in default in payment of maintenance and child support, petitioner secured a garnishment order pursuant to which she would directly receive from defendant's employer $923 per week provided said sum did not exceed 65% of moneys due defendant. Contending he was unable to meet his own financial requirements, defendant moved in Family Court for a downward modification. Plaintiff moved before Justice Wilk to obtain his exclusive jurisdiction over the case. Justice Wilk enjoined the Family Court from proceeding and a hearing was held in Supreme Court on the motion at which the parties, defendant's supervisor and the insider's rights purchaser testified. By order entered October 11, 1989, the court denied the motion, crediting the testimony of plaintiff but finding fault with portions of defendant's testimony. The court concluded that the increase or decrease in defendant's commissions was within his control and his income would remain depressed only as long as he believed it to be in his economic interests.

Plaintiff thereafter moved, ex parte, to increase the amount of garnishment. By order entered November 9, 1989, the court increased the garnishment to equal the original judgment amount, $5,339 per month, or 65% of defendant's net monthly commission, whichever is less. Defendant moved to vacate the aforementioned order and sought the recusal of Justice Wilk, which motion was denied. A stay of the orders of October 11 and November 9, 1989 was thereafter denied by this court.

Arrearages continued. After a hearing, the court rendered a decision on March 5, 1990 adjudging defendant to be in contempt for arrearages but allowing him to purge the contempt by payment of $8,000 to plaintiff prior to March 21, 1990. No payment was made. Defendant was thereafter improperly served with an order to show cause requiring his

appearance before Justice Wilk on April 18, 1990. He was also properly served with a notice of settlement of the March decision with a return date of April 17, 1990. Defendant did not appear on April 17th and by order dated April 18, 1990, the court adjudged defendant in contempt, fined him $8,000 and ordered his incarceration. On April 19, 1990, defendant was incarcerated pursuant to the order until April 20, 1990 when payment was made. A new order to show cause for judgment of arrears and payment of tuition and physical therapy was thereafter signed on or about May 4, 1990. The appeals were consolidated.

Contrary to defendant's contention, while Family Court may entertain an application to modify maintenance on the grounds of a subsequent change in circumstances (Family Ct Act § 466 [c]), this does not divest the Supreme Court from jurisdiction. Because Justice Wilk was conversant with this case, it was a proper allocation of judicial resources for him to retain the case. The court also properly rejected defendant's contentions that the Supreme Court was ill equipped to provide a speedy adjudication or deal with *pro se* litigants.

This court also finds no evidence of vindictiveness, prejudice or bias on the part of Justice Wilk which would warrant his recusal.

Moreover, the record reveals that the court properly considered the financial circumstances of both parties in denying the downward modification. Nor was it improper to increase the income deduction as CPLR 5241 (g) permits a 65% deduction in the event of arrears.

Further, the contempt order was not improper as defendant failed to appear for the settlement on notice or purge his contempt. To the extent that the incarceration was improper, the argument is moot as defendant was released upon payment of the fine.

The appeal from the ex parte order of November 9, 1989 is dismissed as no appeal lies from an ex parte order (CPLR 5704; *Matter of State of New York v Fuller,* 31 AD2d 71).

The motion to stay the order to show cause entered May 4, 1990 for judgment of arrears and payment of tuition and physical therapy, argued simultaneously herewith, is also denied. Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.