■ BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent, v ARTHUR KATZEN et al., Defendants, and ARNOLD BERNSTEIN et al., Appellants. [596 NYS2d 368] —Order, Supreme Court, New York County (Burton Sherman, J.), entered April 22, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment of foreclosure and sale and appointed a Referee to compute the amount of damages due plaintiff on a certain guaranty, and judgment, same court and Justice, entered on or about November 12, 1992, which, insofar as appealed from as limited by defendant-appellant's brief, provides for recovery of a deficiency judgment against defendant-appellant personally for any residue of the mortgage debt remaining unsatisfied after the foreclosure sale, unanimously affirmed, with costs.

Appeal from order, same court and Justice, entered July 10, 1992, which appointed a temporary receiver over the subject premises, unanimously dismissed as taken from a nonappealable order.

There are no rigid standards governing the due diligence requirement for substituted service pursuant to CPLR 308 (4) *(Barnes v City of New York,* 51 NY2d 906, 907). We cannot say that the IAS Court's upholding of such service herein is unsupported by the record.

Ex parte orders are not appealable *(Dowd v Dowd,* 164 AD2d 752, 754). In any event, were we to consider the arguments defendant makes against the receivership, we would find them to be lacking in merit.

Defendant's substantive defenses are barred by an enforceable merger clause in the agreement *(see, BNY Fin. Corp. v Clare,* 172 AD2d 203, 205), and there is no triable issue of fact as to fraud in any event. Under the well-established standards governing a motion for summary judgment *(see, Garcia v J. C. Duggan, Inc.,* 180 AD2d 579, 580), the record supports the judgment granted in favor of plaintiff.

The plain language of the mortgage allows recourse against any of defendant's property, wherever situated. Section 14 of the accompanying guaranty is not inconsistent, and incorporates the language of the mortgage by reference.

We have considered defendant's remaining arguments, and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.