■ KOREA EXCHANGE BANK, Appellant, v YUNG HYO KIM, Respondent. [822 NYS2d 7]—

Order, Supreme Court, New York County (Nicholas Doyle, Special Referee), entered April 22, 2005, which granted defendant's motion to vacate the default judgment entered against him and dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs. Appeal from order, same court (Michael D. Stallman, J.), entered May 4, 2005, which also granted defendant's motion, unanimously dismissed, without costs.

We dismiss the appeal from Justice Stallman's order because

the order of reference, stipulated to by the parties, was one to determine all of the issues raised in defendant's motion to vacate the default judgment, including lack of jurisdiction.

As the process server had no independent recollection of the service and did not bring his log book to the hearing, plaintiff's case rested on the process server's affidavit of service and defendant's testimony as plaintiff's witness. In the affidavit, the process server stated that on May 13, 2000, at 8:45 P.M. at defendant's residence in Bronxville, New York, he personally delivered the summons and complaint to defendant, described as white, about 32 years old, five feet, five inches tall, and having black hair. Defendant produced an expired passport showing that on May 13, 2000, he had traveled from Korea to JFK Airport, and, while he remembered that he landed at night, he could not remember the exact time. Pressed for the exact time he arrived home, defendant stated that it was probably after 10:00 P.M. The Special Referee's decision turned on the "significant" differences between the description of defendant contained in the affidavit of service and defendant's appearance at the hearing, "even taking into consideration that service was attempted 5 years ago." According to the Special Referee, defendant is Korean, five feet, nine inches, presently 63 years old and has gray hair. On appeal, plaintiff points out that while defendant admitted that he continued to reside at the Bronxville address at the times plaintiff's attorney served, by first class mail to that address, a postdefault additional copy of the summons and complaint, the order directing an inquest, and notice of entry of judgment, defendant denied receiving those papers despite receiving other mail at that address. Plaintiff also points out that while defendant's affidavit in support of his motion to vacate the default judgment unqualifiedly stated that he was not in the United States on May 13, 2000, he testified at the traverse that he was. We reject plaintiff's argument that the foregoing shows that the Special Referee improperly credited defendant's testimony that he was not served. The Special Referee's decision does not mention defendant's testimony concerning his nonreceipt of postdefault papers; mentions without comment defendant's testimony that he was in transit on May 13 and "belief" that he did not arrive home until after 10:00; and describes as "more important" the differences between defendant's appearance at the hearing and the description of him in the affidavit of service. Absent any explanation for these differences, the Special Referee's finding that defendant was not served should not be disturbed (*see Holtzer v Stepper*, 268 AD2d 372 [2000]; *see generally Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.