■ FINKELSTEIN NEWMAN FERRARA LLP, Respondent, v LEO MANNING, Appellant. [889 NYS2d 147]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 11, 2008, which denied defendant's motion to dismiss the complaint, unanimously modified, on the law, that portion of the order denying dismissal for lack of personal jurisdiction vacated, the matter remanded for a traverse hearing, and otherwise affirmed, without costs.

Defendant's sworn, nonconclusory denial of service sufficiently controverted the veracity or content of the affidavit of service to require a traverse hearing (*NYCTL 1998-1 Trust &*

---

*Bank of N.Y. v Rabinowitz*, 7 AD3d 459, 460 [2004]). The affidavit of service established that the process server attempted to serve defendant at his place of residence on three separate occasions, namely, on February 2, 2007 at 4:30 P.M., February 5 at 9:05 A.M., and February 6 at 7:30 P.M., but after reasonable efforts was "unable to find . . . defendant" or a person of suitable age and discretion willing to accept service on his behalf. On his third attempt, he purportedly effected service by affixing a copy of the summons and complaint to the door of defendant's last known residence. But this assertion was inconsistent with his affidavit submitted in opposition to the motion to dismiss, where he averred that on his third attempt, defendant came to the door and refused to open it when the process server identified himself and the purpose of his visit. The process server concluded, in this later affidavit, that defendant was intentionally avoiding service, and that further attempts would be futile. Accordingly, he affixed a copy of the summons and complaint to the door pursuant to CPLR 308 (4).

Plaintiff also claims to have served defendant at work, pursuant to CPLR 308 (2), by delivery of the summons and complaint to a person of suitable age and discretion at defendant's actual place of business.

Defendant, in turn, swore that he was home on both February 5 and 6, 2007, and that neither the telephone intercom nor the doorbell rang on either occasion. He further stated that the person who purported to accept service on his behalf at his place of business was not authorized to do so, and was in fact a "vendor/distribution" employee assigned to a car services entity in the building where his office was located, but unrelated to defendant's business. Defendant's sworn denials raised an issue of fact requiring a traverse hearing (*NYCTL*, 7 AD3d at 460). In light of the sharp factual dispute as to the validity of service upon defendant, the motion court erred in failing to resolve this threshold issue of personal service with a traverse hearing. As defendant filed his answer only after the IAS court erroneously denied his motion to dismiss for lack of personal jurisdiction, defendant did not waive that defense by asserting unrelated counterclaims in his answer.

The motion court properly denied that portion of the motion to dismiss asserting failure to state a cause of action. Defendant argues that the complaint fails to adequately allege breach of contract. However, as the motion court found, the complaint, when read together with the affidavit of attorney Robert Finkelstein in opposition to the motion, sufficiently stated a cause of action for breach of an oral agreement between the

parties. It is well settled that "affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]).

Defendant's claim that the second cause of action (for account stated) fails to state a cause of action is likewise without merit. In opposition to defendant's motion, plaintiff submitted itemized invoices rendered during the period from July 1, 2001 through April 1, 2003, specifying in detail the work performed for defendant, including the personnel who performed the work, the date the work was performed, the hours billed for the work, and the charges therefor.

The motion court properly rejected defendant's argument that recovery was barred due to plaintiff's failure to comply with 22 NYCRR 1215.1. This statewide rule on letters of engagement does not apply where an attorney's representation began prior to its effective date (*see Ziskin Law Firm, LLP v Bi-County Elec. Corp.*, 43 AD3d 1158 [2007]).

Contrary to defendant's assertions, plaintiff did not wait eight years before seeking payment from defendant. Plaintiff sent monthly, itemized invoices to defendant during the entire course of the representation, from 2001 through July 2003. Thereafter, plaintiff sent demand letters beginning in March 2007, culminating in initiation of this action. The only delay attributable to plaintiff was a period of less than four years, from the time of the last invoice (July 2003) through its first demand letter (March 2007). In any event, defendant offers only conclusory allegations as to how he was prejudiced by any alleged delay. Sanctions pursuant to 22 NYCRR 130-1.1 are not warranted under the circumstances. Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.