■ In the Matter of MARCO PASANELLA et al., Respondents, v JAMES QUINN, Appellant, et al., Respondent. [5 NYS3d 413]—

Order, Supreme Court, New York County (Melvin Schweitzer,

J.), entered January 30, 2014, which, to the extent appealable, denied respondent James Quinn's motion to renew his motion to vacate a default judgment, same court and Justice, entered April 4, 2013, confirming an arbitration award, and to vacate or modify an income execution pursuant to CPLR 5240 and 5231 (b) (iii), unanimously reversed, on the law and the facts, without costs, renewal granted, the matter remanded to Supreme Court for a traverse hearing and further proceedings consistent with the determination rendered after such hearing, and the income execution stayed pending such determination. Appeal from order, same court and Justice, entered October 21, 2013, unanimously dismissed, without costs, as superseded by the appeal from the January 30, 2014 order.

Appellant's initial, conclusory denial of the receipt of service was insufficient to rebut petitioner's prima facie evidence of proper service, as demonstrated by the affidavit of the process server (see *Grinshpun v Borokhovich*, 100 AD3d 551 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]). Although a party seeking renewal should offer a reasonable justification for failing to present any new facts on the prior motion (see CPLR 2221 [e] [3]), "courts have discretion to relax this requirement and to grant such a motion in the interest of justice" (*Mejia v Nanni*, 307 AD2d 870, 871 [1st Dept 2003]). Here, when seeking renewal, appellant submitted evidence suggesting that neither the process server, nor the agency he worked for, was licensed to serve process in either New York or Connecticut (see CPLR 313), which we conclude was sufficient to rebut petitioner's prima facie showing and warrant a traverse hearing (see *Finkelstein Newman Ferrara LLP v Manning*, 67 AD3d 538, 538-539 [1st Dept 2009]; *Norwest Bank Minnesota v Galasso*, 275 AD2d 400 [2d Dept 2000]; *Hopkins v Tinghino*, 248 AD2d 794, 795 [3d Dept 1998]).

As there is a possibility that the default judgment may have been obtained without personal jurisdiction over appellant, the income execution based upon it should be stayed pending the determination of the traverse hearing. Should appellant prevail at the traverse hearing, the income execution should be vacated. Otherwise, appellant is entitled to a hearing to determine whether there is evidence that his family support obligations owed pursuant to a judgment of divorce exceed twenty-five percent of his disposable earnings, and if so, whether he is entitled to vacatur or modification of the income execution (see CPLR 5240, 5231 [b] [iii]; *American Express Centurion v Melia*, 155 Misc 2d 587, 590-591 [Civ Ct, Kings County 1992]). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.