Amity Court, Inc., Appellant,
against
Joan Wertheim, Respondent.




Marc Aronson, Esq., for appellant.
Bierman & Associates (Mark H. Bierman of counsel), for respondent.

Appeal from (1) an order of the Civil Court of the City of New York, Kings County (Marcia J. Sikowitz, J.), dated April 17, 2014, and (2) a decision of that court (Gary Franklin Marton, J.) dated October 22, 2014 deemed from a judgment of that court dated October 22, 2014 (see CPLR 5512 [a]). The order, insofar as appealed from and as limited by the brief, granted landlord's motion to discontinue the proceeding conditioned on landlord's payment of reasonable attorney's fees to tenant, in a holdover summary proceeding. The judgment, entered pursuant to the order and the decision, after a hearing, awarded tenant attorney's fees in the principal sum of $24,528.97.




ORDERED that the order, insofar as appealed from, is reversed, without costs, landlord's motion to discontinue the proceeding is denied as moot, and the judgment is vacated; and it is further,
ORDERED that the appeal from the judgment is dismissed as moot.
The petition in this holdover proceeding alleges that tenant, who is rent controlled, failed to provide access to the premises to make necessary repairs. In her answer, tenant denied this allegation, and claimed that the predicate notices and petition had not been properly served upon her or the Division of Housing and Community Renewal and that a prior Supreme Court action was pending between the parties, requiring the dismissal of the holdover proceeding. Tenant moved to dismiss upon the aforementioned grounds, and landlord did not oppose tenant's motion. [*2]Subsequently, landlord moved, pursuant to CPLR 3217 (b), for leave to discontinue the proceeding, admitting that the petition had not been properly served upon DHCR. In opposition to landlord's motion, tenant claimed that she would be prejudiced if landlord were permitted to discontinue, and asked the court to award her attorney's fees as a condition of any discontinuance without prejudice. She also sought a ruling on her motion to dismiss, submitted several weeks earlier.
In an order dated April 17, 2014, the Civil Court, inconsistently, granted tenant's motion to dismiss, without prejudice, and granted landlord's motion to discontinue on the condition that landlord pay tenant reasonable attorney's fees. After a hearing to determine the amount of attorney's fees, the court entered a judgment awarding tenant the principal sum of $24,528.97 in attorney's fees.
On appeal, landlord does not seek review of the Civil Court's granting of tenant's motion to dismiss the proceeding, and seeks review only of the conditional granting of landlord's motion to discontinue and of the ensuing judgment awarding tenant $24,528.97 in attorney's fees. As tenant's motion to dismiss pertained to, among other things, the Civil Court's jurisdiction, the Civil Court was required to pass upon tenant's motion before making any other rulings (see 342 E. 67 Realty LLC v Jacobs, 106 AD3d 610 [2013]; Finkelstein Newman Ferrara LLP v Manning, 67 AD3d 538 [2009]). In view of the Civil Court's unchallenged dismissal of the proceeding, landlord's motion for leave to discontinue should have been denied as moot. 
Accordingly, the order, insofar as appealed from, is reversed, landlord's motion to discontinue the proceeding is denied as moot and the judgment is vacated. The appeal from the judgment is dismissed as moot.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019