Bank of Am., N.A. v Budhan (2019 NY Slip Op 03139)





Bank of Am., N.A. v Budhan


2019 NY Slip Op 03139


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9090 380815/08

[*1]Bank of America, N.A., Plaintiff-Respondent,
v
Dhanraj Budhan, Defendant-Appellant, Citibank, N.A., as Trustee, et al., Defendants.


Anderson, Bowman & Zalewski, PLLC, Kew Gardens (Dustin Bowman of counsel), for appellant.
Aldridge Pite, LLP, Melville (Kenneth M. Sheehan of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about May 11, 2018, which, after a traverse hearing, denied defendant's order to show cause, and vacated the stay on the execution of the judgment of foreclosure and sale, unanimously affirmed, without costs.
The affidavit of service was prima facie evidence of proper service, and defendant's conclusory denials were insufficient to rebut that presumption. Four attempts to serve defendant at the subject premises at diverse times, including early in the morning and later at night, were sufficient to establish due diligence under CPLR 308(4) (see Brown v Teicher, 188 AD2d 256 [1st Dept 1992]). Although the process server had no independent recollection of the service and did not bring his log book to the hearing, plaintiff's position rested on the process server's affidavit of service and defendant's testimony (see Korea Exch. Bank v Yung Hyo Kim, 32 AD3d 690, 691 [1st Dept 2006]). Here, the affidavit of service stated "confirmed with the neighbor," which was authenticated by the process server.
"There are no rigid standards governing the due diligence requirement for substituted service pursuant to CPLR 308(4)" (Bank Leumi Trust Co. of N.Y. v Katzen, 192 AD2d 401, 401 [1st Dept 1993]). Plaintiff's process servicing company inquired as to defendant's actual residence, using, among other sources of information, a subscription only database known as the "IRB database" which showed that defendant was associated with four different addresses. The company also called the phone number of defendant's employer that was listed on the loan application and was advised that defendant no longer worked there. To the extent that the IRB results, listing defendant's addresses under the words "Address Summary/Probable Current Address," were not properly admitted as business records, service was nevertheless proper.
As Supreme Court noted, the deed listed defendant's address as the subject premises and defendant, whose testimony Supreme Court found "not credible," failed to produce any documentary evidence in support of his argument that he did not reside at the subject premises at the time of service. While the mortgage, unlike the deed, listed defendant's address elsewhere, the mortgage also provided that all requisite notices must be sent or delivered to the subject premises unless defendant notified plaintiff of an alternative address. Defendant did not submit evidence at the traverse hearing that he provided plaintiff with such notice, further undermining his claim that he did not reside at the subject premises at the time of service.
Furthermore, the court did not err in limiting the process server's testimony regarding his use of a GPS system and his alleged history of fraudulent practices. The process server testified [*2]that he did not use GPS at the time of service, and any allegedly improper practices were not relevant to the service at issue (see Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d
418 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK