Italian Elegant Jewelry, LLC v Fteha (2022 NY Slip Op 03967)

Italian Elegant Jewelry, LLC v Fteha

2022 NY Slip Op 03967

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 652906/18 Appeal No. 16157 Case No. 2021-04577 

[*1]Italian Elegant Jewelry, LLC, Plaintiff-Respondent-Appellant,
v
Leah Fteha also known as Leah Shtainberg-Fteha et al., Defendants-Appellants-Respondents, Diamond Mine International, Inc., et al., Defendants.

Jonathan A. Stein, P.C., Cedarhurst (Jonathan A. Stein of counsel), for appellants-respondents.
Law Offices of Diana Rubin, Manhasset (Diana Rubin of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about November 29, 2021, which, to the extent appealed from, granted defendants' motion to vacate the default judgment entered against them and denied the motion to dismiss the complaint upon vacatur of the default judgment and for sanctions against plaintiff and its counsel, unanimously modified, on the law, to deny the motion to vacate the default judgment as against defendants Leah Fteha and Joseph Fteha (the Ftehas) and the matter remanded for a traverse hearing to determine whether the Ftehas were properly served pursuant to CPLR 308(4) and for consideration of defendants' request for sanctions and the Ftehas' request for dismissal pursuant to CPLR 3211(a)(1) in the first instance, and otherwise affirmed, without costs.
The default judgment was properly vacated as against defendants Diamond Mine International, Inc., Diamond Gem Jewelers Corp., and Bergan Diamond and Jewelry Outlet Inc. (the corporate defendants) based on lack of personal jurisdiction, because there was no evidence that they were ever served with the summons and complaint (see generally CPLR 5015[a][4]). Contrary to plaintiff's contention, defendants' counsel did not accept service on their behalf and there is no other indication that they were served.
Plaintiff submitted affidavits of service that constituted prima facie proof of proper service on the Ftehas pursuant to CPLR 308(4) (see Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591, 591 [1st Dept 2020], lv denied 36 NY3d 1046 [2021]; Eros Intl. PLC v Mangrove Partners, 191 AD3d 464, 464-465 [1st Dept 2021]). The Ftehas rebutted the presumption of proper service by averring that service was effectuated at the wrong address (e.g. Chaudry Constr. Corp. v James G. Kalpakis & Assoc., 60 AD3d 544, 545 [1st Dept 2009]). The process server's subsequent affidavit did not establish proper service as a matter of law, because that affidavit, among other things, did not specifically confirm that the follow up mailings had been sent to the correct address (see Avakian v De Los Santos, 183 AD2d 687, 688 [2d Dept 1992]). Accordingly, a traverse hearing is required to determine whether personal jurisdiction was obtained over the Ftehas via service pursuant to CPLR 308(4). The Ftehas' remaining arguments relating to service do not establish that they were entitled to vacatur without a traverse hearing (seeLancaster v Kindor, 98 AD2d 300, 306 [1st Dept 1984], affd 65 NY2d 804 [1985]; Matter of Pasanella v Quinn, 126 AD3d 504, 505 [1st Dept 2015]; Bank Leumi Trust Co. of N.Y. v Katzen, 192 AD2d 401, 401 [1st Dept 1993]).
Because proper service on the Ftehas remains an open issue, dismissal of the complaint as against the Ftehas under CPLR 306-b is not warranted at this juncture. After remand, and upon the conclusion of the traverse hearing, Supreme Court should consider the Ftehas' request to dismiss the complaint under CPLR 306-b. We do not consider the Ftehas' argument [*2]that the complaint should have been dismissed as against the corporate defendants under CPLR 306-b, because the corporate defendants have not appealed from the order for review.
Supreme Court did not consider the portion of defendants' motion that sought sanctions or dismissal of the complaint as against the Ftehas pursuant to CPLR 3211(a)(1). Thus, we remand this matter for Supreme Court to consider those requests in the first instance.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022