Ferrer v Williams (2024 NY Slip Op 00131)

Ferrer v Williams

2024 NY Slip Op 00131

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 21955/17 Appeal No. 1421 Case No. 2023-00237 

[*1]Lidia Ferrer etc., Plaintiff-Appellant,
v
Vargas Williams, Defendant-Respondent.

Mischel & Horn, P.C., New York (Lauren Bryant of counsel), for appellant.
Joseph A. Altman, P.C., Fleetwood (Joseph A. Altman of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 9, 2023, which, after a traverse hearing, denied plaintiff's motion for a default judgment and granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff failed to demonstrate, by a preponderance of the evidence, proper service of process on defendant (see New Globaltex Co., Ltd. v Zhe Lin, 198 AD3d 573, 574 [1st Dept 2021]). Even if plaintiff's affidavits of service constituted prima facie proof of proper service on defendant, the presumption of proper service was rebutted by averments that service was effected at the wrong address (see Italian Elegant Jewelry, LLC v Fteha, 206 AD3d 493, 494 [1st Dept 2022]). The original affidavit of service did not contain the correct information as to the address where defendant was served, as the address was incomplete, i.e., omitted "44" from the street address. While plaintiff argues that this was a "minor typographical error," the process server had no independent recollection of the service in question and did not provide any additional information with regard to the circumstances of the alleged service in defendant's gated community (see Forrester v Luisa, 52 AD3d 324 [1st Dept 2008]; Holtzer v Stepper, 268 AD2d 372 [1st Dept 2000]).
In addition, there were significant discrepancies between defendant's physical appearance at the time of the alleged service and the description of him provided in the affidavit of service (see Forrester, 52 AD3d at 324; Korea Exch. Bank v Yung Hyo Kim, 32 AD3d 690, 691 [1st Dept 2006]). The affidavit of service described defendant as male, tanned, gray hair, over 60 years old, 6 feet, 170 pounds, with glasses, while defendant's son testified that his father was 81 years old at the time of the alleged service and did not wear glasses. Defendant's license at the time of service stated that he weighed 185 pounds. Moreover, defendant has two different eye colors and a fake eye, which Supreme Court characterized as an "identifying feature." Plaintiff's argument that it is "incredible" that defendant does not wear glasses because it is "sunny" in Florida, is speculative and insufficient to overturn Supreme Court's credibility determinations, which are entitled to deference on appeal (see Arrufat v Bhikhi, 101 AD3d 441, 442 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024