| |
|:---:|
| **Hernandez v Samouha** |
| 2024 NY Slip Op 31361(U) |
| April 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153558/2018 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**                      PART                    **56M**

                                                    *Justice*

------------------------------------------------------------------X    INDEX NO.            153558/2018

DOMINGO A. HERNANDEZ                                 MOTION DATE          04/12/2024

                                    Plaintiff,        MOTION SEQ. NO.          004

                      - v -

MOSHE SAMOUHA,                                         **DECISION + ORDER ON**
                                                          **MOTION**

                                    Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83, 84, 85, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105 were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

In this action to recover damages for personal injuries, arising from a slip-and-fall accident on the sidewalk in front of the defendant's building, the defendant moves pursuant to CPLR 5015(a)(1) to vacate his default in appearing at the call of the trial calendar on March 21, 2023 and March 23, 2023, the decision and order after inquest dated September 25, 2023, and the judgment dated November 8, 2023, which was entered upon his default. He thereupon seeks to reinstate his answer, and to restore the action to the trial calendar. In the December 11, 2023 order to show cause initiating this motion, the court, pending the hearing of the motion, temporarily restrained the plaintiff from levying upon and selling the defendant's real property located at 1985 Amsterdam Avenue, New York, New York. The plaintiff opposes the motion. The motion is denied, and the temporary restraining order set forth in the December 11, 2023 order to show cause is vacated and dissolved.

To vacate a default in appearing at trial pursuant to CPLR 5015(a)(1), a party must demonstrate a reasonable excuse for failing to appear and a potentially meritorious defense (*see Acevedo v Mojica*, 200 AD3d 444, 444 [1st Dept 2021]; *Cox v Marshall*, 161 AD3d 1140, 1141 [2d Dept 2018]). The excuse proffered by the defendant is that he never received notice

**153558/2018  HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE**                    Page 1 of 5
**Motion No.  004**

[* 1]

of the March 21, 2023 conference and trial date or the March 23, 2023 adjourned trial date. The court rejects this excuse.

This action was commenced by the plaintiff via electronic filing with the New York State Court Electronic Filing (NYSCEF) system. The defendant, initially appearing by counsel, answered the complaint on November 20, 2018. In an order dated and entered November 18, 2020, the court granted the defendant's attorney permission to withdraw from his obligation of representation, and stayed the action for 60 days. On November 19, 2020, the defendant's former counsel served a copy of that order, with notice of entry, by regular mail upon the defendant at 23 Laurel Drive, Great Neck, New York. The defendant never requested that this action be converted to a non-electronic action. On March 1, 2021, the plaintiff filed a nonjury note of issue, and served it on the defendant at 50 Allenwood Road, Great Neck, New York, and 1985 Amsterdam Avenue, New York, New York, which, according to the plaintiff, was never returned to the plaintiff's attorney as undeliverable. On January 11, 2022, the plaintiff's attorney wrote the court, inquiring as to whether a date for the nonjury trial had been scheduled, and copied the defendant by mailing it to him at the 23 Laurel Drive address. That letter also was never returned as undeliverable. Justice d'Auguste ultimately scheduled a pretrial conference and the commencement of the nonjury trial for March 21, 2023. On February 22, 2023, the plaintiff's attorney wrote to the defendant at the 23 Laurel Drive address, advising him of the March 21, 2023 conference and trial date, a letter that also never was returned as undeliverable.

Thus, contrary to the defendant's contention, set forth in his affidavit, only the note of issue was not mailed to his actual residence address at 23 Laurel Drive, Great Neck, New York, while all of the further notifications were indeed mailed that address, which he concedes is and has been his address for more than 20 years. To controvert the presumption of proper service of a notice, a defendant must allege a nonconclusory denial of service, pointing out the deficiencies in the proof of service, for example, that the address was wrong, or that the person

153558/2018   HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No. 004

Page 2 of 5

[* 2]

serving the document made a misstatement in an affidavit or other proof (*see Avis Rent A Car Sys., LLC v Scaramellino*, 161 AD3d 572, 572 [1st Dept 2018]; *Finkelstein Newman Ferrara LLP v Manning*, 67 AD3d 538, 539 [1st Dept 2009]). The defendant's conclusory allegation of non-receipt of the various notices requesting a trial date, and informing him of a scheduled court date and appearance, is not sufficient to defeat the evidence of service. Even if he did not receive those letters or notices, there was no requirement that the plaintiff serve him with hard-copy documents in this electronically filed action. Once the defendant's attorney was relieved as counsel, it was the defendant's obligation to ascertain how he would be able to receive court filings and notices, and it was the defendant's obligation to register as a NYSCEF user so that he could be notified of any such filings or scheduled court appearances (*see generally Progressive Cas. Ins. Co. v Richmond Capital Group, LLC,* 2020 NY Slip Op 31955[U], *3, 2020 NY Misc LEXIS 2810, *3-4 [Sup Ct, N.Y. County, Jun. 22, 2020]).

In any event, the court further concludes that the defendant failed to establish a potentially meritorious defense to the action. In his affidavit, the defendant asserted that, inasmuch as the plaintiff claimed to have fallen on "black ice" on the sidewalk in front of the subject apartment building, the defendant could not be held liable as the owner. In this regard, he asserted that "the description of the condition as 'black ice' is suspect and seems to indicate a condition for which I, as property owner, would not be liable for due to lack of notice." As at least one appellate court has noted, "[p]ersonal injury actions involving black ice are particularly challenging for plaintiffs. If the slippery condition is not readily visible and apparent, then, by definition, actual or constructive notice of it to the property owner is unlikely and perhaps impossible, depending on the circumstances of the case" (*Steffens v Sachem Cent. Sch. Dist.,* 190 AD3d 1003, 1004 [2d Dept 2021]).

Nowhere in his complaint, however, did the plaintiff allude to "black ice." Rather, the plaintiff alleged in his complaint that the defendant was negligent in causing or permitting

153558/2018 HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No. 004

Page 3 of 5

3 of 5

"portions of said sidewalk, to be, to remain in such a defective condition; in failing to properly maintain said sidewalk; in improperly shoveling, cleaning the snow/ice and creating a dangerous condition; in failing to apprise and/or warn the public and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the aforementioned dangerous, unsafe condition thereat; in failing to remove said ice and/or snow; in failing to apply sand, salt, or other melting and/or abrasive materials so as to make the condition safe; in failing to place restrictive devices around the aforementioned area to keep the public and in particular the claimant from walking and/or slipping on this dangerous condition; in generally maintaining said sidewalks in such a dangerous, defective and/or unsafe condition as to cause the incident complained of; in creating and/or allowing and/or permitting a hazardous condition to exist; in maintaining the sidewalk in such a manner so as to create undue risks to people and in otherwise being careless and reckless upon the premises; in creating and maintaining a hazard, menace, nuisance, and trap thereat and in failing to comply with the statutes, ordinances, rules and regulations provided for the safe and proper use of the sidewalk and premises thereat; the above dangerous condition having existed for a long and unreasonable period of time."

Even if the plaintiff had referred to "black ice," the "unique issues" posed by a "black ice" case "do not change the burden of proof which a property owner must meet in order to establish prima facie entitlement to summary judgment" (*id.* at 1004). A fortiori, such issues do not alter the burden that a defendant has in establishing a potentially meritorious defense that would permit the court to vacate a default. The defendant must still submit evidence that he did not create the condition by improper snow and ice removal, that he did not have actual notice of the condition, and that the condition was not visible and apparent for a sufficient length of time to permit him to observe and remedy it. Since the defendant did not expressly state that he did not have actual notice of the icy condition, and did not provide information as to when he last inspected the sidewalk in front of the building, when he or someone on his behalf last shoveled or cleared ice and snow from in front of the building, or what condition remained immediately after such clearing and shoveling activities, he cannot establish that he did not create the dangerous condition, or that he had neither actual nor constructive notice of it.

Accordingly, it is,

ORDERED that the motion is denied; and it is further,

153558/2018 HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No. 004

Page 4 of 5

ORDERED that the temporary restraining order set forth in the court's December 11, 2023 order to show cause be, and hereby is, vacated and dissolved.

This constitutes the Decision and Order of the court.

4/17/2024
DATE

JOHN J. KELLEY, J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153558/2018  HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No. 004

Page 5 of 5

[* 5]